IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 4:04cr47-SPM

JAMES ALAN GARNER

_____/

### ORDER DENYING MOTION TO QUASH NON-PARTY SUBPOENAS

This cause comes before the Court on the motion to quash (doc. 79) filed by LeeAnn Bristol. The Government has issued subpoenas to Frontier Federal Credit Union and U.S. Bank Na. to obtain access to Ms. Bristol's financial records. Ms. Bristol is entitled to challenge the subpoenas as an affected customer under Title 12, United States Code, Section 3410, of the Right to Financial Privacy Act, which is "the sole judicial remedy." 12 U.S.C. § 3410(c).

The Court must determine whether Ms. Bristol is in fact "the customer to whom the financial records sought by the Government authority pertain." 12 U.S.C. § 3410(c). If so, the Court must determine whether the Government has shown that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." Id. The Court must also determine whether the Government has

"substantial[ly] compli[ed]" with all requirements of the chapter.  Id.

Turning to the first inquiry, there is no dispute that Ms. Bristol is the customer for whom the Government is seeking financial records.

Second, the Government has a legitimate inquiry regarding Defendant James Alan Garner's financial resources because he still owes restitution. Because Ms. Bristol is Defendant's girlfriend and holds power of attorney from Defendant, her financial records are relevant to this inquiry.

Finally, Ms. Bristol makes no argument that the Government failed to comply with the requirements of the Right to Financial Privacy Act.  Instead, she complains that the subpoena violates Federal Rule of Civil Procedure 45(c)(3)(B)(iii)  because it requires her to travel more than 100 miles to attend trial.  The subpoenas, which are directed to Frontier Federal Credit Union and U.S. Bank Na., do not require Ms. Bristol to travel.  Moreover, no hearing is necessary on Ms. Bristol's challenge to the subpoenas so no travel is required to attend a hearing.  Accordingly, it is

ORDERED AND ADJUDGED:  the motion to quash (doc. 79) is denied.

DONE AND ORDERED this 23rd day of July, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge