IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 4:04cr47-SPM

JAMES ALAN GARNER

_____/

## ORDER DENYING MOTIONS TO QUASH

This cause comes before the Court on the motions to quash (docs. 80 and 73) filed by Defendant James Alan Garner. Defendant argues that the writs of execution and garnishment should be quashed because the criminal restitution judgment issued by the Eastern District of California, which was referenced in the writs, has not been registered with this Court under Title 28, United States Code, Section 1963. Defendant also complains that he has not been provided information from the Government despite various inquires and discovery requests he has made, and that collection should be stayed under Title 31, United States Code, Section 285.2[1] based on inquiries he has made about the treasury offset program.

---

[1] The Court could not locate a statute with this citation. Defendant may be referring to 31, Code of Federal Regulations, Section 285.2, which governs collection of federal debt by offset of tax refund payments.

Defendant is entitled to challenge the writs under Title 28, United States Code, Section 3202(d). Because the debt being collected arose from a criminal judgment, and not by default, review is limited to determining (1) whether Defendant's property is covered by an exemption, and (2) whether the Government has substantially complied with statutory requirements. 28 U.S.C. § 3202(d). In this case, Defendant does not claim any exemption. Therefore, the issue is whether the Government has substantially complied with statutory requirements.

First, even assuming that registration of the Eastern District of California judgment is required under Title 28, United States Code, Section 1963, the writs issued are still valid based on the restitution judgment issued by this Court. The inclusion of the judgment from the Eastern District of California does not render the writs fatally defective.

Second, Defendant's request for information and inquiries do not affect the validity of the underlying restitution judgment. The specific amounts due are contained in the judgment (doc. 22) issued in Defendant's criminal case. Although Defendant has certain statutory rights to protect exempt property, he is not entitled to general discovery in aid of execution, which is a tool reserved for the judgment creditor. See Fed. R. Civ. P. 69(a)(2).

Finally, regardless of any efforts made to collect restitution through the treasury offset program and inquiries made by Defendant under 31 C.F.R. §

285.2, Defendant still owes restitution in the Northern District of Florida. Defendant does not claim that he has paid the restitution judgment or that any of the properties subject to the writs are exempt. The Government has substantially complied with the statutory requirements for the writs. Accordingly, it is

ORDERED AND ADJUDGED: Defendant's motions to quash (docs. 80 and 83) are denied.

DONE AND ORDERED this 23rd day of July, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge